MOBILE LIFE INSURANCE CO. *v.* JAMES B. MORRIS.

1. EVIDENCE. *Insurance.* The declarations of a person insured for the benefit of another, made before or after the insurance and not a part of the *res gestœ*, are not competent evidence upon a suit to recover the amount of the policy.

2. SAME. *Burden of proof.* When the question is, whether the answers of the insured were false or fraudulent, the burden of proof is on the insurer.

FROM BRADLEY.

Appeal in error from the Circuit Court of Bradley county. J. B. HOYLE, J.

J. H GAUT for Insurance Co.

P. B. MAYFIELD for Morris.

DEADERICK, C. J., delivered the opinion of the court.

This action was brought by defendant in error to recover $1,000, the amount of insurance upon the life of Blount Morris, taken by him upon his own. life for the benefit of said James B. Morris, his son.

Verdict and judgment were for the plaintiff below, and the court refusing a new trial, the Insurance Company has appealed to this court.

Morris' counsel has presented a certificate of the clerk of the court in which the judgment was rendered, to the effect that the bill of exceptions in the case was held up by the judge who presided at the trial, until after the adjournment of the term at which the trial was had, and was not returned to the clerk's office nor filed, until several weeks after the adjournment of said term, when it was returned, signed by him.

The certificate was made several months after the adjournment of the term at which the trial took place, and is no part of the transcript of the record of said cause, and cannot be looked to, or considered for the purpose of contradicting said record. It shows that a bill of exceptions, which is set out, was signed and sealed and made part of the record in this cause.

In considering and determining the questions raised, we therefore treat what purports to be a bill of exceptions, as part of the record in the cause. And the questions discussed, mainly, arise upon rulings of the court in rejecting evidence offered by the defendant below.

Upon the application, Blount Morris had answered,

as insisted by defendants below, falsely, questions propounded to him, as to his age and health. . He stated that he was sixty years old, and that he had never had any one of several diseases named, whereas, it is insisted that he was sixty-nine years of age at the time, and had been subject to several of the diseases about which he was interrogated. These facts, if true, would materially increase the risk, and by the terms of the contract, avoid the policy.

In order to establish these facts, the defendant, on the trial below, offered to prove by several witnesses, introduced by him for that purpose, that Blount Morris, both before and after he had taken out the policy, had at various times admitted facts showing that at the time of taking said policy he was about sixty-nine years of age, and. also that he had had one or more of the diseases which he had denied, on his examination, that he ever had.

The court, upon objection made, excluded said evidence, and defendant excepted. And this ruling by the court it is insisted by the plaintiff in error, is erroneous.

It is certainly true, that the facts in respect to the age and health of the insured, which it was sought to establish, were legitimate, if proved by the direct testimony of witnesses who had knowledge of them. But the point of the objection is, that they are not provable by evidence of the declarations or admissions of a party whose life is insured for the benefit of another.

Upon this question there is a conflict of opinion;

the earlier cases holding that the evidence is admissible for the purpose of proving fraud in obtaining the policy. See Bliss on Life Ins., 620; citing 35 Conn., 225; 6 East, 188; Ellis on Ins., 123. In these cases the declarations were made very shortly before, or after the policy was issued, and in some of them they were held admissible as parts of the *res gestœ*.

On the other hand, where a policy was for the benefit of a wife, it was held that the admissions of the husband, who was the insured, made after it was issued, were not competent, upon the ground that they were the declarations of a stranger, 'who was neither a party to the action, nor, at the time of making them, the agent of a party. Bliss on Ins., 631–3, sec. 372; citing 7 Ohio, 292; 10 Kansas, 525, and other cases. After reviewing the cases the author says: "The views adopted in the cases cited from Ohio and Kansas seem most in accordance with correct principles." Bliss on Ins., 634. And this view of. the question was adopted by this court, in an elaborate opinion, and upon a careful review of the authorities, by Judge McFarland, at Jackson, at April term, 1872, and reported in 9 Heis., 606.

The declarations offered to be proved in this case were made, as stated in the offer, some, several months, others several years after and before the policy issued, and of course there can be no pretense that they were parts· of the *res gestœ*. We therefore hold that there was no error in rejecting the evidence of the declarations of Blount Morris as to his health and age, made before and after the policy issued.

Insurance Co. *v.* Morris.

Exception has also been taken to the Judge's charge to the jury. After stating to the jury that plaintiff would be entitled to recover if certain facts are established, "unless," in the language of the Judge, "the proof *positive,* show that Blount Morris made false or fraudulent answers to the questions that were put to him in the policy, or suppressed some facts in regard to his health, age, habits or circumstances in life. If he did this and the proof show it, then the plaintiff ought [not] to recover."

The objection to this part of the charge is, that it seems to require that incontrovertible evidence of the fraudulent or false representations should be made, whereas, nothing more was required than a preponderance of evidence.

It has been held by this court that the burden of proof is upon the insurer, when the question is whether the answers of the insured are false or fraudulent, and they must show these facts affirmatively.

Although in some of its accepted significations, the word "positive" might be considered as too strong an expression, in the connection in which it was used, yet we think it was used and intended to express the idea that the facts stated should be affirmatively proved by defendant; and besides, there was no evidence in the record that the answers were false or fradulent, to which to apply the charge.

Upon the whole, we are of opinion that there is no error in the record, and the judgment will be affirmed.